IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAULINE MATHEWS,

        Plaintiff,

vs.                                                                                                          No. CIV 17-00086 RB

DONALD O. NEWMAN,
MINDY STRINGER,
JOHN DOE COMPANY, AND
JOHN DOES 1-3, LESSEES

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant Mindy Stringer's Motion to Dismiss for Lack of Personal Jurisdiction and Supporting Memorandum. (Doc. 13.) Plaintiff Pauline Mathews opposes this motion. (Doc. 15.) Having considered the submissions of counsel and relevant law, the Court will **GRANT** this motion.

**I.      Background**

On August 29, 2014, in Los Lunas, New Mexico, Plaintiff Pauline Mathews and Defendant Donald Newman were involved in a motor vehicle accident. (Doc. 1-2.) Defendant Mindy Stringer is Mr. Newman's girlfriend. (*Id.*) Both defendants reside in Marana, Arizona. (*Id.*) Ms. Mathews resides in Valencia County, New Mexico. (Doc. 8-1 at 1.) Ms. Mathews commenced an action against the defendants in the Thirteenth Judicial District Court of New Mexico on June 1, 2016. (Doc. 1.) Ms. Mathews alleged that Ms. Stringer owned the vehicle Mr. Newman was operating at the time of the accident. (Doc. 1-2 at 2.) Ms. Mathews provided an

affidavit signed by both Mr. Newman and Ms. Stringer, wherein the defendants state that Ms. Stringer owned and Mr. Newman operated the vehicle at issue. (Doc. 15-2.) The affidavit also states that Ms. Stringer and Mr. Newman own no real property. (*Id.*) Ms. Mathews filed a letter from the American Family Insurance company that lists Ms. Stringer as the insured owner of the vehicle. (*Id.*) In that letter, the insurance company requested a copy of any papers related to any future lawsuits and declined a request to interview Ms. Stringer prior to trial. (*Id.*) Mr. Newman removed the case to this Court with Ms. Stringer's consent pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1.)

On January 24, 2017, Ms. Stringer filed this Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 13.) Ms. Stringer argues that because she has no relevant contacts with New Mexico and did not own or drive the car at issue, she should not be a party to the case and this Court has no personal jurisdiction over her. (Doc. 13 at 1.) Ms. Stringer owns a one-half interest in real estate in Quemado, New Mexico. (Doc. 13-1 at 2.) Mr. Newman owns the other 50%. (*Id.*) Ms. Stringer asserts that ownership of this property is an insufficient basis for jurisdiction because she does not reside there and it is unrelated to the instant incident. (*Id.*) As grounds for dismissal, Ms. Stringer alleges that the car involved in the accident did not belong to her, despite the affidavit to the contrary. (Doc. 13 at 2.) Ms. Stringer filed a subsequent affidavit saying that the first affidavit contained two errors: that Ms. Stringer owned the vehicle, and that Ms. Stringer and Mr. Newman do not own real property in New Mexico. (Doc. 13-1 at 2.) The affidavit also says, "Mr. Newman and I are not lawyers and did not fully understand, at the time, the significance of signing a document that was inaccurate." (*Id.*) Ms. Stringer's attorney included a footnote saying that the first affidavit was incorrect and likely immaterial because they believe vehicle ownership is not a sufficient basis upon which to assert jurisdiction. (Doc. 13 at 2.) Ms.

Stringer filed a printed e-mail from Pima Federal Credit Union which states that Mr. Newman is the only titleholder of the car. (Doc. 13-2.) The e-mail from the credit union is not certified.

## II.     Legal Standard

When, as here, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other documents, the plaintiff need only make a prima facie showing of jurisdiction. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). "If parties present conflicting affidavits, all factual disputes are resolved in plaintiff's favor, and plaintiff's prima facie showing is sufficient notwithstanding contrary presentation by moving party." *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984). "For the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A New Mexico court may only exercise personal jurisdiction over a non-resident defendant if three conditions are satisfied." *McManemy v. Roman Catholic Church of Diocese of Worcester*, 2 F. Supp. 3d 1188, 1198 (D.N.M. 2013) (citing *Salas v. Homestake Enter., Inc.*, 742 P.2d 1049, 1050 (N.M. 1987) (internal citation omitted)). "First, the defendant must have engaged in one of the acts enumerated in New Mexico's jurisdictional long-arm statute." *Id.* (citing N.M. Stat. Ann. § 38-1-16 (1978)). "Under the long-arm statute, a person submits himself to personal jurisdiction in New Mexico if he transacts any business in the state, or if he commits a tortious act within the state." *Id.* (citing N.M. Stat. Ann. § 38-1-16). "Second, the plaintiff's cause of action must arise from one of those acts." *Id.* (citing *Salas*, 742 P.2d at 1050). "Finally, the defendant must have minimum contacts with New Mexico sufficient to satisfy constitutional Due Process." *Id.* (citing *Salas*, 742 P.2d at 1050). "New Mexico courts have repeatedly equated the first and third conditions" to satisfy due process. *Id.* New Mexico's long-arm statute states in

3

relevant part that any person who engages in the "operation of a motor vehicle upon the highways of this state" thereby "submits himself . . . to the jurisdiction of the courts of this state." N.M. Stat. Ann. § 38-1-16.

## III.     Discussion

There are two primary questions for the Court to resolve. First, when there are conflicting affidavits, in which party's favor should the dispute be resolved? And second, does ownership of the car involved in the dispute provide the Court with personal jurisdiction over a defendant who was not involved in the accident and otherwise has minimal contacts with the state of New Mexico?

The first question is straightforward. The parties presented conflicting affidavits, so the court must resolve the dispute in Ms. Mathews's favor. *Behagen*, 744 F.2d at 733. Though Ms. Stringer attempts to explain the discrepancies between the affidavits, the Court is not satisfied that the second affidavit supersedes the first, and therefore will not grant a dismissal on that basis alone. In making this determination, the Court proceeds as though the initial affidavit submitted by Ms. Mathews is factually correct, and Ms. Stringer is both the owner of the car and the primary insured relative to the car. Ms. Stringer also submitted an uncertified, printed e-mail record from Pima Federal Credit Union that purports to show that Mr. Newman is the only person on the car title, but because this conflicts with the affidavit, the Court will continue to resolve the dispute in Ms. Mathews's favor. The conflicting affidavits create a dispute of fact that cannot be resolved by the Court in response to this motion.

This brings the Court to the next question. Is ownership of the car a sufficient basis upon which to assert jurisdiction over Ms. Stringer? Because the operation of a motor vehicle on the state highways exposes the driver to jurisdiction in New Mexico under the long-arm statute, the

Court holds that mere ownership of the car is an insufficient basis upon which to assert jurisdiction. For purposes of a motion to dismiss, the Court must take Ms. Mathews's claims as true, but even if Ms. Stringer owned the car, the Court cannot assert jurisdiction over her. *Iqbal*, 556 U.S. at 678.

Ms. Mathews cites *Morris v. Cartwright* for the proposition that there is a trial rebuttable presumption that ownership establishes agency in the operation of a motor vehicle. *Morris v. Cartwright*, 57 N.M. 328 (1953). *Morris*, however, does not bear directly on the facts of this case. The New Mexico Supreme Court held that "[i]t is fundamental that liability of the master for the use of an automobile by the servant is created *only* when it appears that its use is with the knowledge and consent of the master and that it is used within the scope of employment of the servant and to facilitate the master's business." *Id.* at 332 (emphasis added). *Morris* involved employer liability and was an action against the master for the negligence of the servant. Ms. Mathews has not alleged that there is an employer/employee or master/servant relationship in the present matter. Even if Ms. Stringer owned the car, *Morris* would not apply to the facts of the present case because Ms. Stringer was not employing Mr. Newman, and there is no indication that he was acting as her agent.

Ms. Mathews's pleadings show that Ms. Stringer may have owned the vehicle and may have allowed it to be driven into New Mexico, but Ms. Mathews does not show or allege that the vehicle was driven into New Mexico at Ms. Stringer's behest. The New Mexico long-arm statute expressly provides for jurisdiction over drivers on the state highways, not the owners of those vehicles. There is no question that the Court has jurisdiction over Mr. Newman, the driver. New Mexico has repeatedly equated the first and third conditions required to exercise personal

jurisdiction, so the car's presence on the state highway satisfies the minimum contacts requirement for Mr. Newman, not Ms. Stringer.

Ms. Mathews also raised the issue of the property owned jointly by Ms. Stringer and Mr. Newman in Quemado, New Mexico. (Doc. 15 at 6.) Ms. Mathews acknowledges that mere ownership likely does not rise to the level of the minimum contacts required under due process, but asks the Court to allow an inquiry into the ownership given Ms. Stringer's initial misleading affidavit. The Supreme Court has held that mere ownership of real property in a state does not provide sufficient minimum contacts under due process requirements for a court to hear cases unrelated to that property. *See Shaffer v. Heitner*, 433 U.S. 186, 214 (1977).

**THEREFORE,**

**IT IS ORDERED** that Defendant Mindy Stringer's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 13) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**